IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Cr. No. C-10-855 (1) |
| JOSE GARZA, JR. | § § § | |

## MEMORANDUM OPINION AND ORDER DISMISSING LETTER MOTION WITHOUT PREJUDICE

Pending before the Court is Jose Garza, Jr.'s (Garza) letter request for credit on his prison sentence for the time he spent after sentencing on home confinement before he was ordered to report for imprisonment. Because this request should be brought pursuant to 28 U.S.C. § 2241, which requires that Garza exhaust his administrative remedies before bringing the petition, the Court dismisses the letter motion without prejudice to refiling.

Garza was sentenced on February 24, 2011, to 87 months in the Bureau of Prisons. D.E. 25, 26. At counsel's request, the Court permitted Garza to remain on bond and surrender voluntarily. See D.E. 25, ERO 02/24/2011 at 15:30/16:00.

Because Garza is seeking sentencing credit from the Bureau of Prisons, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations

1

omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

A challenge the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241, must be filed in the district where he is incarcerated. See Pack, 218 F.3d at 451. The return address on Garza's current motion reflects that he is incarcerated in Three Rivers, Texas, which is located in the Southern District of Texas. Thus, assuming he remains incarcerated in Three Rivers, Garza should file any § 2241 petition in this court, after first exhausting his administrative remedies.[1] Although his letter motion is dismissed, today's order does not adjudicate the merits of Garza's § 2241 complaints.

For the foregoing reasons, Garza's letter motion (D.E. 32) is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED this 13 day of Sep 2011.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

---

[1] The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).